PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee
## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 43]

Name of Offender: <u>Kevin A. Jennings</u>   Case Number: <u>3:12-00204</u>

Name of Judicial Officer: <u>Honorable Kevin H. Sharp, Chief U.S. District Judge</u>

Date of Original Sentence: <u>October 17, 2013</u>

Original Offense: <u>18 U.S.C. § 2250(a) Failure to Register Under Sex Offender Registration and Notification Act</u>

Original Sentence: <u>33 months' custody and 10 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>December 18, 2014</u>

Assistant U.S. Attorney: <u>S. Carran Daughtrey</u>   Defense Attorney: <u>Caryll Alpert</u>

---

## PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
**X** To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ To Consider Additional Violations/Information
☐ Other

Considered this 15th day of November, 2016, and made a part of the records in the above case.

_____
Kevin H. Sharp
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Abigail Dillingham_
Abigail Dillingham
U.S. Probation Officer

Place   Nashville, TN

Date   November 17, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 43, has been amended as follows:

Violation No. 5 - has been added to reflect new criminal activity.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** <br> On August 23, 2016, Mr. Jennings received a misdemeanor citation in Davidson County, Tennessee, for Patronizing Prostitution. According to the citation, the offender was part of an undercover operation in which he agreed to oral sex with an undercover officer for $10. Mr. Jennings reported that the individual said she needed to make rent and asked if he could give her $10. She then asked him to drive around the building. He reported she may have offered him a blowjob, but he reportedly did not ask for one. Mr. Jennings admitted he was driving during this incident, but he was not cited for driving on a suspended license. <br><br> On October 19, 2016, the aforementioned offense of Patronizing Prostitution was dismissed. |
| 2. | **The defendant shall not commit another federal, state, or local crime.** <br> As previously reported to the Court, on June 28, 2016, Mr. Jennings received a misdemeanor citation in Davidson County, Tennessee, for Driving on Suspended License. According to the citation, Mr. Jennings was observed traveling at a high rate of speed while he was on I-65 South near Briley Parkway West. The Officer followed Mr. Jennings for several miles at 80 miles-per-hour (mph) in the posted 65 mph zone. Mr. Jennings was observed transitioning into a 55 mph, without reducing his speed. He was stopped for speeding, and upon contact, the officer found that Mr. Jennings' driver's license is suspended. A review is scheduled for November 21, 2016. |
| 3. | **The defendant shall refrain from any unlawful use of a controlled substance.** <br> On August 29, 2016, Mr. Jennings tested positive for marijuana. He admitted he smoked two marijuana joints on or around August 27, 2016. |
| 4. | **The defendant shall not commit another federal, state, or local crime.** <br> On November 4, 2016, Mr. Jennings received a misdemeanor citation in Davidson County, Tennessee, for Driving on Suspended License, 2nd offense or greater. According to the citation, Mr. Jennings was observed driving with an expired registration. During the traffic stop, the officer confirmed that Mr. Jennings' license is suspended. Offender must book himself on this charge by November 23, 2016. |
| 5. | **The defendant shall not commit another federal, state, or local crime.** <br> **On November 14, 2016, Mr. Jennings received a misdemeanor citation in Lebanon, Tennessee, for Driving on Suspended License. According to the incident report, Mr. Jennings was stopped for speeding. He was found to have a suspended driver's license. He also was found to have an outstanding warrant for his arrest out of Knox County for a 2007 misdemeanor probation violation. Due to the warrant, Mr. Jennings was taken into custody.** |

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Jennings currently lives in Nashville and is employed with Builder's Firstsource.

On January 27, 2016, a report was submitted to the Court alleging Mr. Jennings had violated the conditions of his supervised release by committing another state or local crime. During a polygraph test conducted on November 30, 2015, Mr. Jennings admitted he had been driving without a valid driver's license. On January 17, 2016, the probation officer conducted a residence contact at the offender's home. His girlfriend was present at the residence and advised the offender had gone to the store. The probation officer asked the girlfriend if the offender was driving and she informed he was. The probation officer came back to the residence later that day and Mr. Jennings admitted to continuing to drive without a valid driver's license. Your Honor ordered no action on this violation on January 28, 2016.

On June 30, 2016, a report was submitted to the Court alleging Mr. Jennings had violated the conditions of his supervised release by committing another state or local crime. Specifically, Mr. Jennings received two separate citations for driving on a suspended license. On July 13, 2016, one of those charges was dismissed. The other, as aforementioned, is scheduled for a review on November 21, 2016. The Court ordered no action be taken on July 1, 2016.

On September 2, 2016, a petition was filed with the Court alleging Mr. Jennings had violated the conditions of his supervised release by committing another state or local crime on two occasions, and using marijuana. A summons was subsequently issued.

On September 16, 2016, Mr. Jennings appeared before Honorable Clifton E. Knowles, U.S. Magistrate Judge, for an initial appearance. He was released pending his revocation hearing on the same previously imposed conditions of release.

Following his positive drug test, Mr. Jennings' drug testing frequency was increased. His sex offender treatment provider was also notified of his new arrest and his positive drug test and will address these issues in treatment. Mr. Jennings has drug tested negative for illegal substances on September 13, September 29, October 13, and October 25, 2016.

On November 3, 2016, a superseding petition was filed with the Court alleging Mr. Jennings had violated the conditions of his supervised release by committing another state or local crime and using marijuana. The petition was also updated to reflect the dismissal of another pending matter. The Court ordered the consideration of the additional information.

**On November 8, 2016, a superseding petition was filed with the Court alleging Mr. Jennings had violated the conditions of his supervised release by committing another state or local crime. The Court ordered the consideration of the additional information.**

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation**
**It is respectfully requested that this additional violation be considered when Mr. Jennings appears before the Court on February 3, 2017. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.**

Approved: _____
Donna Jackson
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KEVIN A. JENNINGS, CASE NO. 3:12-00204

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C felony)** *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. §7B1.4(a)* | 8 months |
| SUPERVISED RELEASE: | **5 years to life less any term of imprisonment** *18 U.S.C. § 3583(k)* | 5 years to life *U.S.S.G. §5D1.2(b)(2)* | 52 months |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted

*Abigail Dillingham*
Abigail Dillingham
U.S. Probation Officer

Approved:

Donna Jackson
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   <u>Kevin A. Jennings</u>

2. Docket Number (Year-Sequence-Defendant No.)   <u>3:12-00204</u>

3. District/Office   <u>Middle District of Tennessee</u>

4. Original Sentence Date   <u>December 18, 2014</u>
   *month day year*

(if different than above):

5. Original District/Office   <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.)   <u>Same as above</u>

7. List each violation and determine the applicable grade (<u>see</u> §7B1.1):

| <u>Violation(s)</u> | <u>Grade</u> |
|---|---|
| <u>Committing another federal, state, or local crime (4 counts)</u> | <u>C</u> |
| <u>Use of Marijuana</u> | <u>C</u> |

8. Most Serious Grade of Violation (<u>see</u> §7B1.1(b))   | C |

9. Criminal History Category (<u>see</u> §7B1.4(a))   | VI |

10. Range of Imprisonment (<u>see</u> §7B1.4(a))   | 8-14 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ■ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

    Restitution($): <u>0</u>     Community Confinement: <u>0</u>

    SA($):         <u>0</u>     Home Detention:         <u>0</u>

    Other:         <u>0</u>     Intermittent Confinement: <u>0</u>

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90